WASHBURN & MOEN MANUF'G CO. v. RELIANCE MARINE INS. CO.

RELIANCE MARINE INS. CO. v. WASHBURN & MOEN MANUF'G CO.[1]

(Circuit Court of Appeals, First Circuit. September 7, 1897.)

Nos. 156, 157.

1. MARINE INSURANCE—LIABILITY FOR CONSTRUCTIVE TOTAL LOSS.

Underwriters are not liable for a constructive total loss, except where they consent to an abandonment, under a policy containing a warranty against partial loss.

2. SAME—ACCEPTANCE OF ABANDONMENT.

Underwriters, under the "sue and labor" clause of a policy, cannot be charged with the acceptance of an abandonment, simply because they caused the property to be preserved, and removed from a place where there was no agent of the assured, no adequate means for its protection, and no market, to the place to which it was originally shipped, where were conveniences for its protection, and a good market, and there offering it to the representative of the assured, to whom it had been, in the first instance, consigned; especially where the assured had no right to abandon.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Eugene P. Carver, for Washburn & Moen Manuf'g Co.

Francis C. Lowell, F. J. Stimson, and A. Laurence Lowell, for Reliance Marine Ins. Co.

Before COLT, Circuit Judge, and NELSON and WEBB, District Judges.

WEBB, District Judge. In the course of the disaster a part of the property insured, exceeding in amount 5 per cent. of the whole, was totally lost, and for this a verdict was taken for the plaintiff by consent. As to the rest of the property insured, it is evident that the

---

[1] Rehearing denied October 30, 1897.

principal question in these cases is the ruling that the insurance company is not liable for a constructive total loss.    The Massachusetts court has held that a policy like the one now before us, containing a warranty against partial loss, does cover a constructive total loss. Kettell v. Insurance Co., 10 Gray, 144; Heebner v. Insurance Co., Id. 131; Greene v. Insurance Co., 9 Allen, 217; Mayo v. Insurance Co., 152 Mass. 172, 25 N. E. 80.    These decisions of the state court, however, are not conclusive upon this court.    "The questions under our consideration are questions of general commercial law, and depend upon the construction of a contract of insurance, which is by no means local in its character, or regulated by any local policy or customs. Whatever respect, therefore, the decisions of state tribunals may have on such a subject,—and they are certainly entitled to great respect,—they cannot conclude the judgment of this court.    On the contrary, we are bound to interpret this instrument according to our opinion of its true intent and objects, aided by all the lights which can be obtained from all external sources whatsoever; and, if the result to which we have arrived differs from that of these learned state courts, we may regret it, but it cannot be permitted to alter our judgment."    Carpenter v. Insurance Co., 16 Pet. 495, 511.    The supreme court, in the exercise of the duty so avowed, has examined this question, and pronounced the judgment that under such a policy as that in these cases a constructive total loss is not covered.    Marcardier v. Insurance Co., 8 Cranch, 39; Morean v. Insurance Co., 1 Wheat. 219; Hugg v. Banking Co., 7 How. 595.    In Insurance Co. v. Fogarty, 19 Wall. 640, that court reviewed these cases without in any way qualifying them.    They are imperative authorities here, and, regarding them as controlling us, there will be no advantage in extending this opinion by citation and discussion of the numerous and conflicting decisions of state courts upon the same question.    It follows that the plaintiffs had not the right to abandon, and inquiry into the sufficiency of the assumed abandonment is of no use.

It has been urged upon us that insurers may make themselves liable by accepting an abandonment, and their subsequent dealing with the property, even when there is no right to abandon.    Allowing this to be so, we agree with the circuit judge that in this case the evidence was not sufficient to authorize the jury to find that the defendant ever accepted the abandonment, or did anything in respect to the property insured that was equivalent to an acceptance.    This court does not entertain the view of the circuit court that the underwriters chartered the Cactus, and forwarded by her the cargo from Key West to Velasco.    Considering the whole evidence upon that point, the sounder opinion is thought to be that, those things, if not done by the immediate action of the captain of the Benjamin Hale, they were at least done under his authority, and with his approval. Before he left Key West, but after the Benjamin Hale and the cargo had arrived there, he authorized Taylor & Curry, the agents at that port of his vessel, to charter the Cactus, if they could.    When she was afterwards chartered, the charter party purports to be made and concluded between the agents of the Cactus, of the first part, and John Hall, master of the Benjamin Hale, of the second part; and it is

signed, "John Hall, Master Sch. Benj. Hale." It is true that the underwriters' agents advised that the cargo be forwarded. But, leaving this question undetermined, the underwriters, under the "sue and labor" clause of the policy, cannot be charged with the acceptance of an abandonment, especially as the insured had no right to abandon, simply because they caused the property to be preserved, and removed from a place where there was no agent of the assured, and where there was no market, and where there was no adequate means for its protection, to the place to which it was originally shipped, where were a good market and conveniences for its protection, and there offering it to the representatives of the insured, to whom it had been, in the first instance, consigned. Such labor and care for the preservation of the property did not make them liable for a total loss if the property was forwarded by the first available conveyance, and without unnecessary delay, as in this case. The decision of this court in Monroe v. Insurance Co., 3 C. C. A. 280, 52 Fed. 777, disposes of the contention that the sale at Velasco entitles the plaintiff to recover for a total loss.

Finally, no error is found in the court below, and its judgment will be affirmed, but. as both parties have sued out writs of error, and neither has sustained his exceptions, the costs of this court must be equally divided. Judgment affirmed; costs of the circuit court of appeals to be divided equally.